# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL INC., <br><br> Defendant. | Civil Action No.: 2:12-cv-06808-LDD <br><br> DEMAND FOR JURY TRIAL |

## PLAINTIFF INFINITY COMPUTER PRODUCTS, INC.'S ANSWER TO DEFENDANT DELL INC.'S COUNTERCLAIMS

Plaintiff Infinity Computer Products, Inc. ("Infinity" or "Plaintiff") files this Answer to the Counterclaims filed by Defendant Dell Inc. ("Dell" or "Defendant") on January 22, 2013 (Dkt. No. 9).

### THE PARTIES

1. Upon information and belief, Infinity admits to the allegations set forth in paragraph 1 of the Counterclaims.

2. Infinity admits to the allegations set forth in paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3. Infinity admits to the allegations set forth in paragraph 3 of the Counterclaims but denies that Defendant is entitled to the relief it seeks.

4. Infinity admits to the allegations set forth in paragraph 4 of the Counterclaims.

5. Infinity admits to the allegations set forth in paragraph 5 of the Counterclaims.

## FIRST COUNTERCLAIM

### (Declaration of Invalidity of the '811 Patent)

6. Infinity repeats and incorporates herein paragraphs 1 through 5 of Plaintiff's Answer to Counterclaims as though they were fully set forth herein.

7. Infinity admits to the allegations set forth in paragraph 7 of the Counterclaims.

8. Infinity admits to the allegations set forth in paragraph 8 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists as to whether the '811 Patent is invalid, denies that the '811 Patent is invalid, and denies any remaining allegations.

9. The allegations set forth in paragraph 9 of the Counterclaims contain conclusions of law to which no response is required. To the extent a response is required, Infinity denies the allegations set forth in paragraph 9 of the Counterclaims.

10. Infinity admits that Dell is seeking the relief requested in paragraph 10 of the Counterclaims but denies that Dell is entitled to the relief it seeks.

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of the '811 Patent)

11. Infinity repeats and incorporates herein paragraphs 1 through 10 of Plaintiff's Answer to Counterclaims as though they were fully set forth herein.

12. Infinity admits to the allegations set forth in paragraph 12 of the Counterclaims.

13. Infinity admits to the allegations set forth in paragraph 13 of the Counterclaims.

14. Infinity admits to the allegations set forth in paragraph 14 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Dell's infringement, reasserts its allegations that Dell infringes the '811 Patent, denies that the '811 Patent is invalid or unenforceable, and denies any remaining allegations.

15. Infinity denies the allegations set forth in paragraph 15 of the Counterclaims.

16. Infinity denies the allegations set forth in paragraph 16 of the Counterclaims.

17. No response is required for the allegations set forth in paragraph 17 of the Counterclaims except that Infinity denies that Dell is entitled to the relief it seeks.

18. Infinity denies the allegations set forth in paragraph 18 of the Counterclaims.

## THIRD COUNTERCLAIM

### (Declaration of Invalidity of the '423 Patent)

19. Infinity repeats and incorporates herein paragraphs 1 through 18 of Plaintiff's Answer to Counterclaims as though they were fully set forth herein.

20. Infinity admits to the allegations set forth in paragraph 20 of the Counterclaims.

21. Infinity admits to the allegations set forth in paragraph 21 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists as to whether the '423 Patent is invalid, denies that the '423 Patent is invalid, and denies any remaining allegations.

22.     The allegations set forth in paragraph 22 of the Counterclaims contain conclusions of law to which no response is required.  To the extent a response is required, Infinity denies the allegations set forth in paragraph 22 of the Counterclaims.

23.     Infinity admits that Dell is seeking the relief requested in paragraph 23 of the Counterclaims but denies that Dell is entitled to the relief it seeks.

## FOURTH COUNTERCLAIM

### (Declaration of Non-Infringement of the '423 Patent)

24.     Infinity repeats and incorporates herein paragraphs 1 through 23 of Plaintiff's Answer to Counterclaims as though they were fully set forth herein.

25.     Infinity admits to the allegations set forth in paragraph 25 of the Counterclaims.

26.     Infinity admits to the allegations set forth in paragraph 26 of the Counterclaims.

27.     Infinity admits to the allegations set forth in paragraph 27 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Dell's infringement, reasserts its allegations that Dell infringes the '423 Patent, denies that the '423 Patent is invalid or unenforceable, and denies any remaining allegations.

28. Infinity denies the allegations set forth in paragraph 28 of the Counterclaims.

29. Infinity denies the allegations set forth in paragraph 29 of the Counterclaims.

30. No response is required for the allegations set forth in paragraph 30 of the Counterclaims except that Infinity denies that Dell is entitled to the relief it seeks.

31. Infinity denies the allegations set forth in paragraph 31 of the Counterclaims.

## FIFTH COUNTERCLAIM

### (Declaration of Invalidity of the '574 Patent)

32. Infinity repeats and incorporates herein paragraphs 1 through 31 of Plaintiff's Answer to Counterclaims as though they were fully set forth herein.

33. Infinity admits to the allegations set forth in paragraph 33 of the Counterclaims.

34. Infinity admits to the allegations set forth in paragraph 34 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists as to whether the '574 Patent is invalid, denies that the '574 Patent is invalid, and denies any remaining allegations.

35. The allegations set forth in paragraph 35 of the Counterclaims contain conclusions of law to which no response is required.  To the extent a response is required, Infinity denies the allegations set forth in paragraph 35 of the Counterclaims.

36. Infinity admits that Dell is seeking the relief requested in paragraph 36 of the Counterclaims but denies that Dell is entitled to the relief it seeks.

## SIXTH COUNTERCLAIM

### (Declaration of Non-Infringement of the '574 Patent)

37. Infinity repeats and incorporates herein paragraphs 1 through 36 of Plaintiff's Answer to Counterclaims as though they were fully set forth herein.

38. Infinity admits to the allegations set forth in paragraph 38 of the Counterclaims.

39. Infinity admits to the allegations set forth in paragraph 39 of the Counterclaims.

40. Infinity admits to the allegations set forth in paragraph 40 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Dell's infringement, reasserts its allegations that Dell infringes the '574 Patent, denies that the '574 Patent is invalid or unenforceable, and denies any remaining allegations.

41. Infinity denies the allegations set forth in paragraph 41 of the Counterclaims.

42. Infinity denies the allegations set forth in paragraph 42 of the Counterclaims.

43. No response is required for the allegations set forth in paragraph 43 of the Counterclaims except that Infinity denies that Dell is entitled to the relief it seeks.

44. Infinity denies the allegations set forth in paragraph 44 of the Counterclaims.

## SEVENTH COUNTERCLAIM

### (Declaration of Invalidity of the '915 Patent)

45. Infinity repeats and incorporates herein paragraphs 1 through 44 of Plaintiff's Answer to Counterclaims as though they were fully set forth herein.

46. Infinity admits to the allegations set forth in paragraph 46 of the Counterclaims.

47. Infinity admits to the allegations set forth in paragraph 47 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists as to whether the '915 Patent is invalid, denies that the '915 Patent is invalid, and denies any remaining allegations.

48.     The allegations set forth in paragraph 48 of the Counterclaims contain conclusions of law to which no response is required.  To the extent a response is required, Infinity denies the allegations set forth in paragraph 48 of the Counterclaims.

49.     Infinity admits that Dell is seeking the relief requested in paragraph 49 of the Counterclaims but denies that Dell is entitled to the relief it seeks.

## EIGHTH[1] COUNTERCLAIM

### (Declaration of Non-Infringement of the '915 Patent)

50.     Infinity repeats and incorporates herein paragraphs 1 through 49 of Plaintiff's Answer to Counterclaims as though they were fully set forth herein.

51.     Infinity admits to the allegations set forth in paragraph 51 of the Counterclaims.

52.     Infinity admits to the allegations set forth in paragraph 52 of the Counterclaims.

53.     Infinity admits to the allegations set forth in paragraph 53 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Dell's infringement, reasserts its

---

[1] Dell's "Eighth" Counterclaim is actually labeled "Seventh Counterclaim"; Infinity presumes that this is a typographical error.

allegations that Dell infringes the '915 Patent, denies that the '915 Patent is invalid or unenforceable, and denies any remaining allegations.

54. Infinity denies the allegations set forth in paragraph 54 of the Counterclaims.

55. Infinity denies the allegations set forth in paragraph 55 of the Counterclaims.

56. No response is required for the allegations set forth in paragraph 56 of the Counterclaims except that Infinity denies that Dell is entitled to the relief it seeks.

57. Infinity denies the allegations set forth in paragraph 57 of the Counterclaims.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Infinity respectfully demands a jury trial of all issues triable to a jury in this action.

## DELL'S PRAYER FOR RELIEF

Infinity denies that Dell is entitled to the relief requested in subparagraphs a. through h. of the Counterclaims or any other relief.

## INFINITY'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each cause of action set forth in Dell's Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Dell's Counterclaims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Dell has failed to make reasonable efforts to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Dell's claims are subject to a set off based upon Dell's and/or other parties' acts and wrongdoing.

## INFINITY'S PRAYER FOR RELIEF

WHEREFORE, Infinity prays for judgment against Dell as follows:

A. For judgment dismissing Dell's Counterclaims with prejudice;

B. For a declaration that this is an exceptional case, and an award to Infinity of its costs and attorneys' fees incurred herein; and

C.   That Infinity be awarded such other and further relief as the Court may deem just and proper, including all relief requested in Infinity's Original Complaint.

Date: February 12, 2013

/s/ *Douglas L. Bridges*
Douglas L. Bridges (*Pro Hac Vice*)
Email: dbridges@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
169 Dauphin Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 298-8701  Fax: (205) 547-5504

Robert L. Sachs, Jr., Esq.
E-mail: RSachs@shragerlaw.com
**SHRAGER, SPIVEY & SACHS**
One Commerce Square
2005 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: (215) 568-7771  Fax: (215) 568-7495

*Attorneys for Infinity Computer Products, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically via the Court's CM/ECF system pursuant to Local Rule 5.1.2, resulting in service on counsel for the Defendant.

Date: <u>February 12, 2013</u>

                                   */s/ Douglas L. Bridges*
                                   Douglas L. Bridges